Matthias, J.
The defendants in error seek relief from the assessment levied upon their several properties for the construction of the Fairview avenue sewer upon the ground that each of said lots is now and was at the time of the passage of the legislation for the construction of the Fairview avenue sewer provided with adequate drainage, *159 and, therefore, that no special benefit accrued thereto by reason of the construction of that sewer. The defendants in error base their claim for exemption from such assessment upon the following provisions of Section 3819, General Code: “Assessments levied for the construction of main sewers shall not exceed the sum that in the opinion of council would be required to construct an ordinary street sewer or drain of sufficient capacity to drain or sewer the lots or lands to be assessed for such improvement, nor shall any lots or lands be assessed that do not need local drainage or which are provided therewith.”
Each of the lots in question fronts upon Fair-view avenue, but at the time of the construction of the sewer upon that avenue, and for some time prior to the passage of the legislation therefor, drainage and sewer accommodation was afforded by separate drains from each lot, privately constructed through property of persons other than the owners of the lots in question, to a public sewer in another street. The record discloses that the right to so use the adjoining property was but temporary, and was made so in anticipation of the construction of a public sewer in Fairview avenue. This is particularly true with reference to the Lobitz and the Allgeier properties. Allgeier’s right to use the private drain from his premises, under the express terms of the clause in his deed granting the right, was to cease “as soon as a public sewer is laid in Fairview avenue in front of said fifty-foot lot.” The right to use the privately-constructed drain which served the lot of the defendant *160 in error Lobitz was limited, by the express terms of the clause in his deed granting the right, to “one year after sewer is ready for use in Fairview avenue,” which time had expired. It does not appear from the record that the defendant in error Suer had any right for any period of time to use and maintain the privately-constructed drain which serve's his property. Each of the drains serving the several premises passes through private property, and although it appears that thus far the owner of the property through which such drains are constructed has made no objection thereto, yet the use clearly appears to be without right and therefore may be terminated by the owner at any time.
The contention made on behalf of the city is that before a property owner may be exempt from the payment of an assessment for the construction of a sewer on a street upon which his property fronts, upon the ground that such property is already provided with local drainage, he must show that the method of drainage provided, and the right to use the same, are permanent in character, and not subject to discontinuance at the option and upon the order of the owner of the property through which such drain or sewer is constructed. Counsel for the city find support for this contention in Hildebrand v. Toledo, 6 C. C, N. S., 450; Ely v. Elyria, 15 C. C, N. S., 133; Frey v. Millikin, 15 O. D., N. P., 122, and Wilson v. Cincinnati, 5 N. P., 68.
The theory upon which such an improvement is authorized is that it is a sanitary measure, the primary object being the promotion of the health *161 and welfare of the community However, each lot for which drainage is afforded by the furnishing of sewer facilities receives a special benefit for which it is required to pay. This sewer was constructed primarily as an improvement of Fairview avenue and to provide drainage and sewer facilities for properties abutting thereon. Before any such lot upon which an assessment has been regularly levied for the construction of such improvement can be relieved from that assessment, upon the ground that such lot does not need local drainage or is provided therewith, these facts must be made to appear, and the burden is upon the owner to establish them to warrant the exemption from such assessment. That, rule was well stated by the judge rendering the opinion in the case of Ford et al. v. Toledo et al., 64 Ohio St., 92, who also very pertinently observed, at page 98: “To authorize an assessment for sewer purposes, it is not necessary that the property should have immediate need for the use of the sewer * * * And, the length of time the ground may probably remain vacant, only goes to the urgency of the need and the measure of the benefit.”
It was held by the court in that case that the local drainage contemplated by the exemption clause of Section 3819, General Code, is one that provides the lot or lands with “adequate” drainage for the necessary and usual purposes of sewerage. It is not sufficient to warrant exemption from assessment that the property owner has provided some method of drainage satisfactory to himself, *162 regardless of its character or mode of construction. A drain constructed temporarily and in anticipation of the construction of a permanent sewer might serve the purpose fully for the time being, and yet not be such as to warrant the conclusion that the lot served thereby is provided with local drainage. A lot so drained may not have imperative immediate need of the drainage to be furnished by the proposed sewer, just as a vacant city lot has no such immediate need; but neither should be exempt from the assessment on the sole ground that a necessity for the sewer does not exist. Just as it is essential that drainage provided in order to exempt a lot served thereby from assessment for the construction of a sewer in a street upon which such lot abuts shall be permanent in its character of construction and fully meet the demands of proper sanitation, so is it also essential that the owner shall have a vested right to permanently maintain and use such sewer for the purpose of draining his lot. It is not sufficient that he have a mere present right to use the drain leading from his premises through the premises of another, with no authority over or control of the same. Indeed it appears in this case that the only right granted the owners of the lots in question no longer exists. The right to use such drain having ceased, it cannot be said that the lots are provided with local drainage so as to be exempt from assessment for the construction of the Fairview avenue sewer.
In the case of Wewell v. City of Cincinnati, 45 Ohio St., 407, which is urged in support of the contention of defendants in error, it appears that the *163 sewer into which the properties claimed to be exempt were drained was constructed through private property; but no question whatever seems to have been raised in that regard. Furthermore, that sewer had been constructed and in use more than forty years when assessments were levied for a new sewer, and “was constructed in parts, portions by the city, and portions by private persons through their own property.”
It is our conclusion that the lots of these defendants in error were not exempt from the assessment levied upon them and that the court of appeals was in error in awarding a perpetual injunction.

Judgment reversed.

Wanamaker, Jones, Johnson and Donahue, JJ-, concur.